UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT AVERY,

        Plaintiff,                                 Case No. 18-cv-11752

v.                                        Paul D. Borman
                                            United States District Judge

TREMAINE NEVERSON,

        Defendant.

_____/

**OPINION AND ORDER**
**AFFIRMING IN PART AND OVERRULING IN PART MAGISTRATE**
**JUDGE PATTI'S JUNE 16, 2022 ORDER (ECF NO. 43), AND**
**SUSTAINING PLAINTIFF'S OBJECTION TO THE MAGISTRATE**
**JUDGE'S RULING EXCLUDING INTRODUCTION OF EVIDENCE OF**
**VIDEO OF DEFENDANT MADE LESS THAN ONE WEEK BEFORE THIS**
**INCIDENT, REPEATEDLY SAYING "F*** THE POLICE" (ECF NO. 45)**

This case arises out of a series of events on December 28, 2016, wherein

Plaintiff Robert Avery, a Sergeant with the Detroit Police Department, alleges that

Defendant Tremain Neverson assaulted him as Neverson was being arrested for the

felonious assault of another person, former plaintiff Andrew Potter. On June 16,

2022, Magistrate Judge Anthony P. Patti issued an order deeming resolved in part

but otherwise granting Defendant's motion in limine to preclude evidence, testimony

or reference to convictions, indictments, criminal charges, or other acts, that

1

included excluding from trial a days-before video of Defendant repeatedly stating "F*** the police." (ECF No. 43.)

Now before the Court is Plaintiff's Objection to the latter portion of Magistrate Judge Patti's June 16, 2022, Order regarding the video. (ECF No. 45.) Defendant has filed a Response in opposition. (ECF No. 47.) For the reasons set forth below, the Court SUSTAINS Plaintiff's objection to excluding that video by Defendant, thereby permitting its introduction as evidence at trial.

## I. BACKGROUND

On December 28, 2016, Defendant Tremaine Neverson (a/k/a recording artist Trey Songz) was performing at a concert, "The Big Show at the Joe," at the Joe Louis Arena in Detroit, Michigan. (ECF No. 1, Compl. ¶ 8.) Plaintiff Sergeant Robert Avery, of the City of Detroit Police Department, was working crowd control, and former co-plaintiff Andrew Potter was working the event as a professional photographer. (*Id.* ¶¶ 9-10.) Defendant Neverson reportedly became angry after being told to end his performance early, and he began to destroy his own equipment and then threw a microphone stand off of the stage, striking Mr. Potter in the back of the head and knocking him to the ground. (*Id.* ¶ 15, citing Ex. A, Search Warrant and Affidavit.) Event security then escorted Neverson off of the stage. (Ex. A, PageID.12.)

According to Avery, when members of the Detroit Police Department, including Avery, went to the dressing room area backstage at the Joe Louis Arena to arrest Neverson for the assault on Mr. Potter, Neverson was belligerent and hostile as police officers attempted to handcuff him, and he punched Avery, who had been standing in front of Neverson, in his right temple, causing Avery to fall and strike his head on the ground, and then others to fall and land on top of his head. (ECF No. 38-1, Arrest Report, PageID.622; ECF No. 36-3, Deposition of Robert Avery, PageID.586-91.) Avery alleges that, as a result of the assault, he sustained a closed head injury and required a right hip replacement. Neverson denies throwing the microphone off the stage that struck Potter, and he denies that he struck Avery or that he intended to assault anyone. (ECF No. 35-1, Deposition of Tremaine Neverson, PageID.426-27, 439-41.)

On June 4, 2018, Plaintiffs Avery and Potter brought this lawsuit against Neverson, each asserting claims for assault and battery and intentional infliction of emotional distress. (ECF No. 1, Compl.) Potter's claims were dismissed on February 10, 2020, in a Stipulated Order pursuant to the terms and conditions of a Confidential Settlement Agreement and Release. (ECF No. 29, Stipulated Order.) Avery's intentional infliction of emotional distress claim against Neverson was dismissed by the Court on April 3, 2020. (ECF No. 30, Opinion and Order Granting Defendant's

3

Motion for Partial Summary Judgment.) Accordingly, Avery has one count of assault and battery remaining against Neverson.

On March 25, 2022, Defendant Neverson filed a motion in limine to preclude evidence, testimony or reference to convictions, indictments, criminal charges or other acts. (ECF No. 33, Def.'s MIL.) This motion was fully briefed and referred to Magistrate Judge Anthony P. Patti for a hearing and determination. (ECF Nos. 38, 39, 41.)

A hearing on the motion in limine was held before Magistrate Judge Patti on June 14, 2022, at which counsel for both parties appeared and the Court entertained oral argument regarding the motion. At the conclusion of the hearing, Magistrate Judge Patti ruled and granted Defendant's motion in limine. (ECF No. 44, Mot. Hr'g Tr.)

Magistrate Judge Patti followed that oral ruling with a written Order on June 16, 2022, deeming resolved in part but otherwise granting Defendant's motion in limine to preclude evidence, testimony or reference to convictions, indictments, criminal charges, or other acts. (ECF No. 43, Order.) The Order stated that Plaintiff concedes that Neverson's *nolo contendere* plea is inadmissible, and that the parties further agreed, on the record during the hearing, that:

4

> Plaintiff will not and is not permitted to introduce any evidence relating to the following matters except for purposes of impeachment, and only if Defendant "opens the door" on these subjects: (1) a situation from 2012 where assault and/or battery charges were brought (but ultimately dropped) against Defendant in connection with an incident at a New York City strip club (see ECF No. 35, PageID.389); (2) an incident in which a woman claimed that Defendant used her image without permission (*Id.*, PageID.495-500); (3) accusations that Defendant struck a woman and secretly filmed her while partying during All-Star Weekend in March 2018 (*Id.*, PageID.494); and, (4) an incident at a Philadelphia nightclub where Defendant allegedly slapped a cell phone out of a woman's hand (*Id.*, PageID.502-504).

(ECF No. 43, Order, PageID.1018.)

> Magistrate Judge Patti then ruled as to the last remaining issue that:

> Plaintiff is not permitted to introduce evidence, other than for purposes of impeachment if Defendant "opens the door," of an incident that occurred at an MGM casino in Maryland, approximately one week before the December 28, 2016 incident involved in the instant matter, where Defendant was asked to leave the high stakes area, twelve police officers arrived, and Defendant made a video posted to YouTube in which he repeatedly stated, *inter alia*, "f*** the police."

(*Id.* PageID.1019.) Magistrate Judge Patti found that this evidence, including the video, is not relevant under Fed. R. Evid. Rule 401, does not come under the permitted uses for introducing evidence of "Other Crimes, Wrongs or Acts" under Fed. R. Evid. Rule 404(b), and should be excluded as more prejudicial than probative under Fed. R. Evid. Rule 403. (*Id.*)

5

On June 29, 2022, Plaintiff Avery filed an Objection to Magistrate Judge Patti's June 16, 2022 Order. (ECF No. 45, Pl.'s Obj.) Avery objects to the exclusion of the "evidence at trial relating to other confrontations Defendant Neverson had with police prior to his assault on Plaintiff Avery." (*Id.* PageID.1061.) Avery specifically objects to the exclusion of the Maryland "MGM Casino" incident, including a video Neverson made and posted on YouTube, arguing that evidence regarding this incident, which occurred "mere days" before the acts alleged in this lawsuit, is relevant under Fed. R. Evid. Rule 401, is permitted as "Other Acts" evidence under Rule 404(b), and is not more prejudicial than probative under Rule 403. Avery further argues that the Magistrate Judge erred when he "placed weight on Defendant's First Amendment rights in disallowing the evidence" during the oral argument at the June 14, 2022 hearing. (*Id.*, PageID.1068-69.)

On July 13, 2022, Defendant Neverson filed a Response in opposition to Avery's Objection. (ECF No. 47, Def.'s Resp.) Neverson argues that the Magistrate Judge properly found that the MGM Casino evidence is not admissible under Fed. R. Evid. Rules 401, 403, and 404(b).

## II.  LEGAL STANDARD

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate

judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit Court of Appeals has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). If

two or more permissible views of the evidence exists, a magistrate judge's decision cannot be clearly erroneous. *See id.*

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard.... Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

## III.  DISCUSSION

### A.    Plaintiff Objects to the Magistrate Judge's Ruling That the MGM Casino Evidence/Video is Excluded Because It is Not Relevant

Avery first argues that the Magistrate Judge incorrectly held that the MGM Casino incident and Neverson's video posted on YouTube are irrelevant.  Avery argues that in the MGM Casino video, Neverson expressed his animosity towards police, repeatedly stating "F*** the police," and that he then posted that video to

8

social media, all mere days before the alleged assault of Sergeant Avery at issue in this case. Avery contends that this evidence makes it more probable that Neverson intentionally struck Avery during the encounter a few days later at Joe Louis Arena.

Federal Rule of Evidence 402 creates a general rule of admissibility for relevant evidence. Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The threshold for relevance under Rule 401 is low. *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that evidence is relevant if it "advance[s] the ball" one inch) (citing *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

The Court finds that the Magistrate Judge's ruling that the MGM Casino incident and video are not relevant to Plaintiff's claims in this case is clearly erroneous, and that the MGM Casino incident and video readily meet the "extremely liberal" relevance standard for admissibility. As Avery correctly states, Defendant

Neverson's intent is of consequence to Avery's assault and battery claim.[1] The MGM Casino video Neverson made and published to social media, with Neverson and others repeatedly stating "F*** the police" as a direct result of an incident at the MGM Casino, certainly has some probative value in showing Neverson's significant personal animosity towards police officers less than one week before he is accused of intentionally striking Sergeant Avery during the incident at the Joe Louis Arena.

Accordingly, Plaintiff's objection, to the Magistrate Judge's ruling that the MGM Casino incident and video are not relevant, is sustained. This Court finds that it is relevant pursuant to Fed. R. Evid. 401.

---

[1] The Court notes that Avery argues that the Magistrate Judge "seemingly held" that the MGM Casino video was irrelevant because Avery "did not have to prove Defendant intended to strike him." (ECF No. 45, Pl.'s Obj., PageID.1064.) However, a review of the Magistrate Judge's ruling reveals that is incorrect. Magistrate Judge Patti did not find, as Plaintiff contends, that Plaintiff was not required to prove intent to sustain his civil assault and battery claim. He instead stated in his ruling on June 14, 2022, that a plaintiff in a civil assault and battery claim is not required to prove *motive*, and that the intent a plaintiff is required to prove for a civil assault and battery claim is that the defendant's action was "a voluntary action, not that this was premeditated, not that this was part of any grander scheme to assault the police." (ECF No. 44, Mtn. Hr'g Tr., PageID.1056.)

**B.**   **Plaintiff Objects to the Magistrate Judge's Ruling That the MGM Casino Video Did Not Come Under the Permitted Uses For "Other Acts" Evidence Under Fed. R. Evid. Rule 404(b)**

Avery next argues that the Magistrate Judge erred in finding that evidence related to Neverson's interaction with police officers at the MGM Casino did not meet the requirements for admissibility under Fed. R. Evid. 404(b). (ECF No. 45, Pl.'s Obj., PageID.1065-66.) He contends that the MGM Casino incident happened "mere days" before the acts alleged in this case and that it is relevant to Defendant's "motive, intent, and lack of mistake" under Rule 404(b) because it is "evidence of his deep-seated animosity towards law enforcement" and thus is admissible for purposes other than proving propensity. (*Id.*)

Federal Rule of Evidence 404(b) generally bars the admission of "propensity evidence," defined as "[e]vidence of a crime, wrong, or other act ... to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Rule permits the admission of prior "bad acts" for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) also does not apply to evidence that is "intrinsic to" or "inextricably intertwined with evidence of" the central alleged wrong. *See Flagg v. City of Detroit*, 715 F.3d 165, 175 (6th Cir. 2013)

11

(citing *United States v. Henderson,* 626 F.3d 326, 338 (6th Cir. 2010)). Intrinsic acts are "part of a single [ ] episode" or "a continuing pattern of illegal activity" that includes the central alleged offense. *See  id.* (citing *United States v. Gonzalez,* 501 F.3d 630, 639 (6th Cir. 2007)). The Sixth Circuit Court of Appeals has explained that:

> Where Rule 404(b) applies, there are three steps to determining admissibility. First, the court must determine whether there is sufficient evidence for a reasonable jury to find that the prior act(s) in question took place. Second, it must determine whether the prior acts are admissible for a proper purpose—one other than propensity. Third, it must determine whether, under the balancing determination in Rule 403, the danger of unfair prejudice substantially outweighs the probative value of the evidence.

*Flagg*, 715 F.3d at 176 (internal citations omitted).

Magistrate Judge Patti ruled that the MGM Casino incident and video are not admissible under Rule 404(b) because they are "too far removed" from the December 28, 2016 incident at issue in this case. (ECF No. 44, Mot. Hr'g Tr. PageID.1057.) The Magistrate Judge noted that Avery is not required to prove motive in support of his civil assault and battery claim, and that in any event there is nothing on the MGM Casino video suggesting that Neverson intended to or was motivated to assault the police. (*Id.*, PageID.1039-40, 1056-57.)

12

The Court finds this ruling clearly erroneous. First, there is sufficient proof that the MGM Casino incident and video, with Neverson repeatedly yelling "F*** the police," occurred. Further, the incident and video happened days before the incident at issue, and thus not too remotely in time. And, the Casino incident and video are relevant, as explained above, and admissible under Rule 404(b) because they are probative of Neverson's intent, motive, and lack of mistake when allegedly striking Avery when confronted by the police on the day of the incident. The video in large part, consists of Neverson's own words, which evince his significant personal animosity towards law enforcement, just days before he is alleged to have assaulted a police officer. While the defense may argue that Neverson was just blowing off steam, or making a "political statement" when he made the video, that goes to the weight of the evidence, not its admissibility.

Accordingly, Plaintiff Avery's objection is sustained, and this Court concludes that the video is admissible pursuant to Fed. R. Evid. 404(b).

### C.   Plaintiff Objects to the Magistrate Judge's Ruling That the MGM Casino Video Evidence is More Prejudicial Than Probative Pursuant to Fed. R. Evid. 403

Avery argues that the Magistrate Judge erred in finding that the MGM Casino incident and video should be excluded as more prejudicial than probative under Fed. R. Evid. 403. (ECF No. 45, Pl.'s Obj., PageID.1067-68.)

13

Magistrate Judge Patti ruled that the video should be excluded under Rule 403 "because its probative value is substantially outweighed by a danger … of unfair prejudice, and further, of confusing the issues and potentially misleading the jury." (ECF No. 44, Mot. Hr'g Tr., PageID.1057.) Judge Patti contends that the video has the effect of "smearing [Neverson's] character" and would prejudice the jury, and thus should be excluded because it is more prejudicial than probative, considering the differences between the two incidents, including the absence of any confrontation or suggestion of assaultive behavior towards law enforcement in the video.

The Court finds that although this evidence may prejudice Defendant, that does not make this evidence *unfairly* prejudicial. *See* Fed. R. Evid. 403. "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999) (citation omitted); *see also Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 515-16 (6th Cir. 1996) (recognizing that "[a]ll evidence presented by a party opponent, is prejudicial to the other side, to a greater or lesser degree"). Introduction of the "F*** the police" video, which Neverson made and then posted on social media days before the incident at issue in this case, is certainly relevant to

14

Plaintiff's claims and does not "so shock[] the conscience" that it will lead to the jury finding against the Defendant on an improper basis.

Accordingly, Plaintiff's objection is sustained, and the Court concludes that the video should not be excluded as unfairly prejudicial pursuant to Fed. R. Evid. 403.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's objections to Magistrate Judge Patti's June 16, 2022 Order (ECF No. 44), that excluded from admission at trial the "F*** the police" video are **SUSTAINED**, and that part of Magistrate Judge Patti's Order excluding that video from trial is **OVERRULED**. The Court concludes that the video is admissible at trial.

IT IS SO ORDERED.

s/Paul D. Borman

Dated: August 22, 2022          Paul D. Borman
                                United States District Judge