UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT AVERY,

            Plaintiff,            Case No. 18-cv-11752

v.                                      Paul D. Borman
                                      United States District Judge

TREMAINE NEVERSON,

            Defendant.
_____/

**ORDER
(1) BIFURCATING THE LIABILITY AND DAMAGES PHASES OF THE TRIAL;
(2) SETTING A DATE FOR SUBMISSION OF MOTIONS IN LIMINE; AND
(3) ORDERING THE PARTIES TO SUBMIT A REVISED PROPOSED JOINT FINAL PRETRIAL ORDER**

**I. BIFURCATION OF THE TRIAL**

This case arises out of a series of events on December 28, 2016, wherein Plaintiff Robert Avery, a Sergeant with the Detroit Police Department, alleges that Defendant Tremaine Neverson assaulted him as Neverson was being arrested for the felonious assault of another person, former co-plaintiff Andrew Potter. Plaintiff alleges one count of assault and battery against Defendant. For the following reasons, the Court will BIFURCATE the liability and damages phases of the trial in this matter.

The United States Court of Appeals for the Sixth Circuit has explained the proper analysis for ordering bifurcation of a trial under Federal Rule of Civil Procedure 42(b):

> A court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." In determining whether separate trial are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."

*Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations omitted). The decision to bifurcate a trial is within the court's discretion and can be made upon the court's own motion. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

The Court finds, pursuant to Fed. R. Civ. P. 42(b), that judicial economy would best be served in this case by bifurcation of the liability and damages phases of the trial, to allow the jury to first hear and determine Defendant's liability with regard to Plaintiff's assault and battery claim. The issues regarding Plaintiff's claimed damages are not relevant in determining liability and therefore could conflate the issues, confuse the jury, and result in prejudice. The balance of factors therefore weigh in favor of bifurcation.

Consequently, the Court will exercise its discretion pursuant to Fed. R. Civ. P. 42(b) and bifurcate the trial. When the jury trial commences, the jury will first

determine the issue of liability on Plaintiff's assault and battery claim. If the jury returns a verdict in favor of Plaintiff, then the second phase of the trial to determine damages will immediately commence and utilize the same jury.

## II. MOTIONS IN LIMINE

On June 3, 2022, the parties submitted to the Court a proposed Joint Final Pretrial Order. In that proposed Order, Defendant objected to certain proposed exhibits of Plaintiff which were the subject of a then-pending motion in limine. (Proposed Order, pp. 5, 9.) That motion in limine has now been decided. (ECF No. 48.)

In addition, the parties indicated that limited potential objections to exhibits and witnesses remain at issue. Specifically, Defendant states that it "believes that parts of the prosecutor's file may not be admissible related to the assault and may not be presented in Plaintiff's case in chief but may be used in rebuttal." (Proposed Order at p. 5.) Defendant also states, with respect to four of Plaintiff's proposed expert witnesses, all doctors, that "Defendant has not agreed to the status of this witness as an expert as this is a more recently added treating physician and records are pending." (*Id.* at p. 7.)

The Court ORDERS the parties to meet and confer in person regarding <u>these exhibits and witnesses</u> and any objection thereto, with the goal of resolving the matters. If there is no resolution, then the objector must file a separate motion as to

each exhibit and/or witness objected to, specifying the legal basis for the objection. Do not merely direct the Court to Fed. R. Evid. 402, 403 or 702; discuss the specific relevant facts in the case, the relevant language in the Rule, and any applicable text in Sixth Circuit or District Court precedent. **These motions, if any, are due on or before September 30, 2022.**

### III. REVISED JOINT FINAL PRETRIAL ORDER

The Court FURTHER ORDERS the parties to submit a revised proposed Joint Final Pretrial Order incorporating the Court's ruling bifurcating the trial.

The parties must identify in the revised proposed Joint Final Pretrial Order which exhibits and which witnesses will be used in the liability phase of the trial and which exhibits and which witnesses will be used in the damages phase.

The parties must also specify the estimated length of the trial, in half days (9 a.m. to 1 p.m.), for the liability phase, and then, if necessary, for the damages phase of the trial.

The parties are ORDERED to submit a revised proposed joint final pretrial order **on or before October 28, 2022**.

IT IS SO ORDERED.

Dated: 8/25/2022

Paul D. Borman
United States District Judge

4