UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT AVERY,

           Plaintiff,                        Case No. 18-cv-11752

v.                                       Paul D. Borman
                                       United States District Judge

TREMAINE NEVERSON,

           Defendant.

_____/

**OPINION AND ORDER**
**(1) GRANTING DEFENDANT'S UNOPPOSED MOTION IN LIMINE
TO EXCLUDE CERTAIN EXPERT WITNESSES (ECF NO. 50), AND
(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF THE
PROSECUTOR'S FILE AT TRIAL (ECF NO. 51)**

This case arises out of a series of events on December 28, 2016, wherein

Plaintiff Robert Avery, a Sergeant with the Detroit Police Department, alleges that

Defendant Tremaine Neverson assaulted him as Neverson was being arrested for the

felonious assault of another person, former plaintiff Andrew Potter. Plaintiff alleges

a claim against Defendant of assault and battery under Michigan law.

Now before the Court are two motions in limine filed by Defendant Neverson:

(1) Motion in Limine to Exclude Certain Expert Witnesses (ECF No. 50); and (2)

Motion in Limine to Preclude Introduction of the Prosecutor's File at Trial (ECF No.

51). Plaintiff did not file a response in opposition to Defendant's Motion in Limine

to Exclude Certain Expert Witnesses, and the time for doing so has passed. Defendant's Motion in Limine to Preclude Introduction of the Prosecutor's File at Trial has been fully briefed.

Because the Court does not believe that oral argument will aid in its disposition of these motions, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons discussed below, the Court GRANTS Defendant's unopposed Motion in Limine to Exclude Certain Expert Witnesses (ECF No. 50), and GRANTS IN PART and DENIES IN PART Defendant's Motion in Limine to Preclude Introduction of the Prosecutor's File at Trial (ECF No. 51).

## I. BACKGROUND

On December 28, 2016, Defendant Tremaine Neverson (a/k/a recording artist "Trey Songz") was performing at a concert, "The Big Show at the Joe," at the Joe Louis Arena in Detroit, Michigan. (ECF No. 1, Compl. ¶ 8.) Plaintiff Sergeant Robert Avery, of the City of Detroit Police Department, was working crowd control, and former co-plaintiff Andrew Potter was working the event as a professional photographer. (*Id.* ¶¶ 9-10.) Defendant Neverson reportedly became angry after being told to end his performance early, and he began to destroy his own equipment and then threw a microphone stand off of the stage, striking Mr. Potter in the back

2

of the head and knocking him to the ground. (*Id.* ¶ 15, citing Ex. A, Search Warrant and Affidavit.) Event security then escorted Defendant Neverson off of the stage. (Ex. A, PageID.12.)

According to Plaintiff, when members of the Detroit Police Department, including Plaintiff, went to the dressing room area backstage at the Joe Louis Arena to arrest Defendant for the assault on Mr. Potter, Defendant was belligerent and hostile as police officers attempted to handcuff him, and he punched Plaintiff, who had been standing in front of Defendant, in his right temple, causing Plaintiff to fall and strike his head on the ground, and then others to fall and land on top of his head. (ECF No. 38-1, Arrest Report, PageID.622; ECF No. 36-3, Deposition of Robert Avery, PageID.586-91.) Plaintiff alleges that, as a result of the assault, he sustained a closed head injury and required a right hip replacement.

Defendant initially denied throwing the microphone off the stage that struck Potter, and he denies that he struck Avery or that he intended to assault anyone. (ECF No. 35-1, Deposition of Tremaine Neverson, PageID.426-27, 439-41.) The parties now propose, in their proposed Joint Final Pretrial Order submitted to the Court, to stipulate that "Defendant Neverson threw a microphone stand that struck Andrew

3

Potter," and that "Detroit Police had probable cause to arrest [Defendant]." (See proposed Joint Final Pretrial Order at p. 3.)[1]

On June 4, 2018, Plaintiffs Avery and Potter brought this lawsuit against Defendant Neverson, each asserting claims for assault and battery and intentional infliction of emotional distress. (ECF No. 1, Compl.) Potter's claims were dismissed on February 10, 2020, in a Stipulated Order pursuant to the terms and conditions of a Confidential Settlement Agreement and Release. (ECF No. 29, Stipulated Order.) Plaintiff's intentional infliction of emotional distress claim against Defendant was dismissed by the Court on April 3, 2020. (ECF No. 30, Opinion and Order Granting Defendant's Motion for Partial Summary Judgment.) Accordingly, Plaintiff has one count of assault and battery remaining against Defendant.

On August 22, 2022, the Court entered an Opinion and Order affirming in part and overruling in part the Magistrate Judge's ruling on Defendant's motion to limine to preclude evidence, testimony or reference to convictions, indictments, criminal charges, or other acts. (ECF No. 48.) As a result, Plaintiff concedes that Defendant's

---

[1] The parties also propose two additional stipulations that "Plaintiff's medical treatment has been reasonable and related to the incident for all medical records received before June 3, 2022," and to "[a]uthentication of all economic records, police records, Medical Records and Medical Bills." (See proposed Joint Final Pretrial Order at pp. 3-4.)

*nolo contendere* plea related to the December 28, 2016 incident is inadmissible, and

the parties agreed that:

> Plaintiff will not and is not permitted to introduce any evidence relating to the following matters except for purposes of impeachment, and only if Defendant "opens the door" on these subjects: (1) a situation from 2012 where assault and/or battery charges were brought (but ultimately dropped) against Defendant in connection with an incident at a New York City strip club (see ECF No. 35, PageID.389); (2) an incident in which a woman claimed that Defendant used her image without permission (*Id.*, PageID.495-500); (3) accusations that Defendant struck a woman and secretly filmed her while partying during All-Star Weekend in March 2018 (*Id.*, PageID.494); and, (4) an incident at a Philadelphia nightclub where Defendant allegedly slapped a cell phone out of a woman's hand (*Id.*, PageID.502-504).

(ECF No. 48, PageID.1088-89.)

This Court further ordered that testimony about an incident at the MGM

Casino that occurred approximately one week before the December 28, 2016,

incident involved in this instant matter – where Defendant was asked to leave the

MGM Casino's high stakes area, twelve police officers arrived, and Defendant made

a video he posted to YouTube in which he repeatedly stated, *inter alia*, "F*** the

police" – is admissible at trial, as is the video itself. (*Id.*, PageID.1099.)

On August 25, 2022, the Court entered an Order bifurcating the liability and

damages phases of the trial, setting a date for submission of motions in limine, and

ordering the parties to submit a revised proposed Joint Final Pretrial order. (ECF No. 49.)

On September 30, 2022, Defendant filed two motions in limine. Defendant filed a motion in limine to exclude certain Plaintiff expert witnesses from testifying at the bifurcated damages phase of the trial, if necessary. (ECF No. 50.) Defendant asserts that Plaintiff made an untimely supplemental expert witness disclosure on September 25, 2022, long after the close of discovery and long after the deadline to provide expert disclosures. Plaintiff did not file a response in opposition to this motion in limine, and the time for doing so has passed.

Defendant Neverson also filed a motion in limine to preclude the introduction of the Wayne County Prosecutor's File at trial. (ECF No. 51.) Defendant argues that the Prosecutor's File contains inadmissible hearsay, with many reports in the File not based on the personal observations of the reporting officers, and that the File also contains irrelevant information, particularly in light of the parties' proposed stipulations of fact in their proposed Joint Final Pretrial Order. Defendant contends that the entirety of the Prosecutor's File should be excluded, except in a circumstance where the reporting officer testifies as trial and his or her report is redacted to include only his or her personal observations.

On October 19, 2022, Plaintiff filed a late Response in opposition to Defendant's motion in limine to exclude the Prosecutor's File at trial. (ECF No. 52.)[2] Plaintiff argues that the majority of the documents in the Prosecutor's File are admissible pursuant to Fed. R. Evid. 803(8), which expressly allows for the admissibility of investigative reports, and that the remainder (medical records and witness statements) are admissible as relevant evidence pursuant to Fed. R. Evid. 402, even considering the parties' proposed stipulated facts.

Defendant filed a Reply brief on October 26, 2022, arguing that Plaintiff's Response was untimely and that Plaintiff's cited caselaw actually supports Defendant's position. (ECF No. 53.) Defendant further contends that the Prosecutor's File contains documents that are not trustworthy, irrelevant, more prejudicial than probative, and contain multiple levels of hearsay. Defendant also argues that Plaintiff's medical information, and whether Plaintiff suffered any injury, are plainly irrelevant to the liability phase of trial.

## II. LEGAL STANDARD

District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

---

[2] Plaintiff's Response was due by October 14, 2022 (E.D. Mich. L.R. 7.1(e)(1)), but was filed five days late.

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4, (1984); *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ("The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial.").

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). It is a procedural vehicle "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "[A] preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.

Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal[.]" *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant ... if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." *Robinson*, 149 F.3d at 514-15 (emphasis in original) (citing Fed. R. Evid. 403). The court has "very broad discretion in making this

9

determination." *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir. 2017) (quoting *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012)).

### III.  ANALYSIS

**A.    Defendant's Motion in Limine to Exclude Certain Expert Witnesses (ECF No. 50)**

Defendant filed a motion in limine to exclude certain expert witnesses who Plaintiff untimely disclosed for the first time on September 25, 2022, long after discovery closed. (ECF No. 50.)

Plaintiff did not file a Response in opposition to Defendant's motion. The local court rules of the Eastern District of Michigan required Plaintiff to file a response if he wished to oppose Defendant's motion in limine. *See* E.D. Mich. L.R. 7.1(c)(1) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available.") (emphasis added). Opposition to a motion is deemed waived if the responding party fails to respond or otherwise oppose the motion. *See Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Because Plaintiff has not responded to Defendant's motion in limine, Defendant's motion can and will be construed as unopposed.

The Court's most recent Scheduling Order provides the following relevant deadlines:

| **EVENT** | **DEADLINE** |
|---|---|
| Fact Discovery Cutoff | July 7, 2019 |
| Plaintiff Expert Witness List | July 7, 2019 |
| Rule 26(a)(2) Proponent Expert Disclosures | August 7, 2019 |
| Defendant Expert Witness List | August 15, 2019 |
| Rule 26(a)(2) Rebuttal Expert Disclosures | September 19, 2019 |
| Expert Discovery Cutoff | November 21, 2019 |

(ECF No. 15.)

Defendant states that on September 25, 2022, Plaintiff provided his Supplemental Fed. R. Civ. P. 26(a)(2)(C) Disclosures as to Experts who may be called at trial. (ECF No. 50, PageID.1121-27.) The disclosure lists, for the first time, five expert witnesses, each of whom is a treater for Plaintiff:

1) Dr. Karl Freydl, D.O., who began treating Plaintiff on or about January 8, 2021;

2) Dr. Ryan C. Pollina, M.D., who began treating Plaintiff on or about May 13, 2021;

3) Dr. Eric Kovan, D.O., who began treating Plaintiff on or about September 9, 2021;

11

4) Dr. Michael Longyear, DC, CCSP, DACNB, who began treating Plaintiff in September 2021; and

5) Dr. Kelkar, D.O., who performed a cervical spinal fusion surgery on Plaintiff in or about June 2022.

(*Id.*)

Defendant states that, with respect to the first four treaters, Plaintiff provided a brief summary of expected testimony and medical records (although, given the untimely disclosure, Defendant does not know if the "universe of medical records with respect to these four expert witnesses is complete"). (ECF No. 50, PageID.1113.) Plaintiff provided a brief summary of Dr. Keklar's anticipated testimony, but did not provide any medical records associated with this doctor. (*Id.*) Defendant further states that Plaintiff has been aware of and received treatment from each expert (other than Dr. Keklar) for over a year, but nevertheless failed to disclose these experts before September 2022.

Rule 26(a)(2)(A) and (C) of the Federal Rules of Civil Procedure requires a party to disclose the identity of any witness it may use at trial to present expert testimony and to disclose, for non-retained experts, the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(A), (C). The Rule provides that these disclosures must occur at the times and in the sequence that

the Court orders, and must be supplemented as necessary under Rule 26(e). Fed. R. Civ. P. 26(a)(2)(D), (E).

In addition, Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The party subject to potential sanctions carries the burden to prove harmlessness or substantial justification. *Roberts v. Galen of Va.*, 325 F.3d 776, 782 (6th Cir. 2003).

"A district court has broad discretion in determining whether a Rule 26 violation is justified or harmless." *Heartland Rehab. Serv., Inc. v. Mekjian,* No. 06–11769, 2007 WL 1266352, at *1 (E.D. Mich. May 1, 2007) (citing cases). The Court is to analyze five factors to determine whether a Rule 26 violation is harmless or substantially justified under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). "These factors lend themselves to the fundamental task of Rule 37(c)(1), which is

'separating "honest," harmless mistakes from the type of "underhanded gamesmanship" that warrants the harsh remedy of exclusion.'" *Elgin v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-cv-00139, 2020 WL 8771656, at *2 (W.D. Ky. Oct. 1, 2020) (quoting *Bentley v. Highlands Hosp. Corp.*, No. 15-97, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (quoting *Howe*, 801 F.3d at 749)).

Here, Defendant has established that Plaintiff's September 25, 2022 supplemental expert disclosures were untimely. As a consequence, Rule 37(c)(1) requires the "automatic and mandatory" exclusion of the use of those expert witnesses at trial "unless the [Plaintiff] can show that [his] violation of Rule 26(a) was either justified or harmless." *Roberts*, 325 F.3d at 782 (citation omitted). Plaintiff did not respond to Defendant's motion in limine, and thus he has failed to carry his burden to prove harmlessness or substantial justification for his untimely disclosures. "[S]imply identifying a witness … and/or producing medical records does not meet the disclosure requirements of Rule 26(a)(2)(C)." *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 881 (6th Cir. 2018) (quotation marks and citation omitted).

Further, Defendant contends that he has been prejudiced by the untimely disclosure. Defendant states that fact and expert witness discovery closed long ago, and that Plaintiff should not be permitted to have sat on the information he possessed

14

in most instances over a year before disclosing it. Defendant states that he has received no records from Dr. Keklar, and that he has not been able to verify that the records Plaintiff has provided with respect to the other four treaters are complete. Defendant argues that he should not be put to the time and expense at this late date to conduct additional discovery and depositions of these five new witnesses. *See Ogle*, 336 F. Supp. 3d at 881 (noting that "the mere fact that witnesses may be available for deposition is insufficient to excuse noncompliance with Rule 26(a)(2) because obviating the need to provide Rule 26(a)(2) disclosures and reports by simply making … experts available to be deposed would render the Rule meaningless.").

The Court agrees with Defendant's arguments and will therefore grant Defendant's motion and exclude these five expert witnesses because of Plaintiff's significantly untimely disclosures, coupled with Plaintiff's failure to even respond to Defendant's motion in limine to exclude these experts and present any argument that the untimely disclosures were justified or harmless.

**B.** **Defendant's Motion in Limine to Preclude Introduction of the Prosecutor's File at Trial (ECF No. 51)**

In Defendant Neverson's second motion in limine, he moves this Court for an order precluding introduction of the Wayne County Prosecutor's File at trial. (ECF No. 51.) Defendant states that Plaintiff intends to introduce the following portions of the Prosecutor's File at trial:

1) Felony Information, which contains the original criminal charges against Defendant (ECF 51-1, PageID.1151 (NEV0001));

2) Inter-Office Memorandum Force Investigation, which contains statements of various witnesses and references to various medical records (*Id.* PageID.1152-77 (NEV0002-0027));

3) Investigator's Report, which contains a summary of the investigation (*Id.* PageID.1178-79 (NEV0101-0102));

4) Detroit Police Department Arrest Reports from various officers and written statements from civilian witnesses (*Id.* PageID.1180-1229 (NEV0119-0168));

5) Detroit Police Department Activity Logs for various officers detailing their individual activities (much of which has nothing to do with this matter, according to Defendant) (*Id.* PageID.1230-45 (NEV0175-0177, 0183-0195));

6) Plaintiff's Medical Records from DMC Detroit Receiving Hospital (*Id.* PageID.1246-86 (NEV0242-0282)); and

7) Written witness statements from civilian witnesses, which are contained in the materials described above in Paragraph 4 (*Id.* PageID.1287-95 (NEV0285- 0293).)

16

Defendant argues that these portions of the Prosecutor's File are irrelevant and contain inadmissible hearsay to the extent the reports are based on observations of individuals other than the reporting officer. (ECF No. 51.)

Plaintiff argues in his Response brief that these portions of the Prosecutor's File are admissible under Fed. R. Evid. 402 and/or 803(8)(A). (ECF No. 52.)

Federal Rule or Evidence 803(8) states that a "record or statement of a public office" is admissible as non-hearsay if:

(A) [I]t sets out:

(i) the office's activities;

(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

(iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

This Rule "allows for admission of reports containing opinions and conclusions, as well as facts ... as long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement." *Miller v. Field*, 35 F.3d 1088, 1090 (6th Cir. 1994) (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169-70 (1988)). The Sixth Circuit Court of Appeals has held since *Miller* that it is not necessary for the person who prepares the report to have first-hand or personal

17

knowledge of the events in the report to be admissible under the public-records exception, "but when that is not the case the 'independent indicia of reliability' is diminished." *Hickson Corp. v. Norfolk Southern Ry. Co.*, 124 F. App'x 336, 345 (6th Cir. 2005); *see also Combs v. Wilkinson*, 315 F.3d 548, 555-56 (6th Cir. 2002) (explaining that otherwise "an investigative report would never be admissible as such reports typically are not prepared by persons directly involved in the matter under investigation"); *Griffin v. Condon*, 744 F. App'x 925, 931 (6th Cir. 2018) (stating that "a 'lack of personal knowledge is not a proper basis for exclusion of a report otherwise admissible under Rule 803(8)'") (quoting *Alexander v. CareSource*, 576 F.3d 551, 562-63 (6th Cir. 2009)); *Moore v. Bannon*, No. 10-12801, 2012 WL 2154274, at *9 (E.D. Mich. June 13, 2012) ("While the Sixth Circuit has not expressly overruled *Miller*, the current rule to be followed is set out by [*Combs*] and [*Hickson*], which confirm that it is not necessary that the person who prepares the report have first-hand knowledge of the events for the report to be admissible pursuant to Rule 803(8)"). Further, "even those portions of the report consisting of conclusions or opinions formed as a result of factual investigation are admissible under Rule 803(8)." *Jones v. Sandusky Cnty., Ohio*, 652 F. App'x 348, 356 (6th Cir. 2016) (citing *Alexander*, 576 F.3d at 561-62).

18

Because courts must apply a "presumption" that reports submitted pursuant to Rule 803(8) are "admissib[le] in the first instance," the party opposing the admission of the report must prove that the report is not trustworthy. *Hickson*, 124 F. App'x at 344-45 (quoting Adv. Comm. Notes to Fed. R. Evid. 803(8) and citing *Bank of Lexington & Trust Co. v. Vining-Sparks Securities, Inc.*, 959 F.2d 606, 616 (6th Cir. 1992); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978)). To determine whether a Rule 803(8) report is trustworthy, courts consider four factors: (1) the timeliness of the investigation upon which the report is based; (2) the special skill or experience of the investigators; (3) whether the agency held a hearing; and (4) possible motivational problems. *Alexander*, 576 F.3d at 563. "This list of factors is not exclusive; any circumstance which may affect the trustworthiness of the underlying information, and thus, the trustworthiness of the findings, must be considered when ruling upon the admissibility of factual findings under this rule." *Id.* (quoting *In re Complaint of Paducah Towing Co.*, 692 F.2d 412, 420 (6th Cir. 1982)); *see also Miller v. Caterpillar Tractor Co.*, 697 F.2d 141, 144 (6th Cir. 1983) (stating that when admitting a public record or report, "[R]ule 803(8)(C) [should be applied] in a common sense manner, subject to the district court's sound exercise of discretion in determining whether the hearsay document offered in evidence has

sufficient independent indicia of reliability to justify its admission") (citation omitted).

The Court will now turn to the seven categories of documents in the Prosecutor's File which Defendant seeks to exclude from evidence at trial.

### 1.   Felony Information (ECF No. 51-1, PageID.1151)

The Felony Information contains the original criminal charges against Defendant Neverson for (1) Police Officer – Assaulting/Resisting/Obstructing Causing Injury (a felony), and (2) Assault – Aggravated (a misdemeanor). (ECF No. 51-1, PageID.1151) Plaintiff subsequently pleaded no contest with respect to this incident in Michigan state court.

Defendant argues that the Felony Information does not contain any personal observations of officers, and because Plaintiff has already agreed that Defendant's no contest plea (to a lesser charge) is not admissible, this Felony Information containing the original charges is not relevant to any issue at trial and should be excluded in its entirety. (ECF No. 51, PageID.1137-38.) Defendant states that "'factual findings based on inadmissible hearsay are not admissible under Rule 803(C) because the underlying information is untrustworthy.'" (*Id.* PageID.1137, quoting *Kubik v. Brown*, 979 F. Supp. 539, 544 (W.D. Mich. 1997).)

Plaintiff curiously does not respond to Defendant's relevance argument with respect to the Felony Information. Plaintiff instead generally argues in his Response brief that the Felony Information, grouped together with several other parts of the Prosecutor's File, is admissible under Fed. R. Evid. 803(8)(A), which excludes from the hearsay rule certain public records. (ECF No. 52, PageID.1302-07.)

! Defendant generally contends in his Reply brief that "[t]he reports and documents that Plaintiff seeks to admit are not trustworthy, irrelevant, and their admission would be more prejudicial than probative." (ECF No. 53, PageID.1313.)

The Court finds that Defendant's conclusory argument fails to meet his burden to prove that the Felony Information is not trustworthy, and the Court rules that the Felony Information is admissible under Rule 803(8) as a public record. *See Hickson Corp.*, 124 F. App'x at 344 ("In light of this presumption of admissibility [under Rule 803(8)], the party opposing the admission of the report must prove that the report is not trustworthy.") (citing *Bank of Lexington & Trust Co., Inc.*, 959 F.2d at 616; *Baker*, 588 F.2d at 558).

Finding that the Felony Information is admissible as a public record or report under Rule 803(8), the Court turns to Defendant's argument that the Felony Information should be excluded as irrelevant evidence because Plaintiff has agreed that Defendant's no contest plea is not admissible. (ECF No. 51, PageID.1138.)

21

Defendant further argues in his Reply brief that "it is entirely inconsistent with Plaintiff's agreement to not introduce evidence of Mr. Neverson's conviction to charges lesser than were brought in the information, but then to seek admission of the document setting forth those higher charges." (ECF No. 53, PageID.1313-14.)

As stated above, Plaintiff does not respond to this relevance argument in his Response brief.

The parties indicate in their proposed Joint Final Pretrial Order that whether Defendant assaulted and/or battered Plaintiff are issues of fact to be litigated. Evidence is "relevant" when it has "*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (quoting Fed. R. Evid. 401). So the question is whether the Felony Information, charging Defendant Neverson with felony and misdemeanor assault of Plaintiff, has "any tendency to make the existence of any fact is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. It does. Neither party addressed whether criminal charging documents like the Felony Information are generally admissible in related civil proceedings. While Defendant cursorily asserts that the Prosecutor's File, in general, is "more prejudicial than probative," he does

22

not otherwise expand on this argument in his Motion or his Reply brief, and thus he has waived this argument. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelley*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

Accordingly, the Court finds that the Felony Information (ECF No. 51-1, PageID.1151) is admissible at trial under Rule 803(8); it is arguably relevant to Plaintiff's claim in this case.

## 2. Inter-Office Memorandum Force Investigation (ECF No. 51-1, PageID.1152-77)

The Inter-Office Memorandum Force Investigation report was prepared by Sgt. Kelly Mullin on December 30, 2016, two days after the December 28, 2016 incident at issue in this case. (ECF No. 51-1, PageID.1152-77.) It contains Use of Force reports by officers, statements by involved officers, witness statements, including from Defendant and former co-Plaintiff Andrew Potter, and medical information related to Plaintiff's and Mr. Potter's treatment on the night of the incident. (*Id.*)

23

Defendant argues that this Force Investigation Report should be excluded in its entirety because it is "replete with observations and findings not from the reporting officer (Sgt. Kelly Mullins), a summary of Mr. Neverson's statement of Sgt. Mullins …, and reports from Plaintiff and Officer Kijuan Anderson that also contain observations of facts from others." (ECF No. 51, PageID.1139.) Defendant contends that several individual officers' use of force reports contain information provided to that officer by other officers. (*Id.* PageID.1139-41.) Defendant further asserts that the Report contains information that is "plainly irrelevant given the parties' proposed stipulations of fact, namely, that Mr. Neverson did throw objects off the stage, that Andrew Potter (who is no longer a plaintiff) was struck by certain objects, and that the Detroit Police Department had probable cause to arrest Mr. Neverson." (*Id.* PageID.1141.)

Plaintiff asserts in his Response brief that it is not necessary that the person preparing the report have first-hand knowledge of the events for the report to be admissible pursuant to Fed. R. Evid. 803(8), and that Defendant has failed to meet his burden to show that the report/documents are not trustworthy. (ECF No. 52, PageID.1305-06.) Plaintiff further contends that the statements by other officers are admissible under Rule 803(A)(i) as relating to an officer's activities, or Rule

24

803(A)(ii), as matters observed while the officer was under a legal duty to report. (*Id.* PageID.1307.)

In the Sixth Circuit, "[a] police report is ... a 'public record and report' within the meaning of the first part of Rule 803(8)." *Baker*, 588 F.2d at 555. As stated above, Fed. R. Evid. 803(8) allows for the admission into evidence the reports of public offices or agencies, including factual findings resulting from an investigation made pursuant to authority granted by law, unless the source of information or other circumstances indicate lack of trustworthiness. Moreover, conclusions and opinions stated in an investigative report are admissible under the public records exception as long as they are based on a factual investigation. *Beech Aerospace Serv.*, 488 U.S. at 170; *see also In re Complaint of Paducah Towing Co.*, 692 F.2d at 420 (explaining that "conclusions regarding what happened when, are factual findings with the meaning" of Rule 803(8), as is "a finding that amounts to an inference drawn from subsidiary findings" or "a finding that an action is reasonable"). In determining whether the report is sufficiently trustworthy to be admitted, the trial court should consider: (1) the timeliness of the investigation upon which the report is based, (2) the special skill or experience of the investigators, (3) whether the agency held a hearing, and (4) possible motivational problems. *Alexander*, 576 F.3d at 563.

Applying these four factors, the Court concludes that the 11-page report by Sgt. Mullins (at PageID.1152-62) is admissible under Fed. R. Evid. 803(8) – with the exception of the summaries of witness statements at PageID.1158-60, as discussed below – and that Defendant has failed to meet his burden to demonstrate that the report is untrustworthy. The report is timely, prepared just two days after the incident involving the Defendant at issue in this case, and was based on Sgt. Mullins' review of relevant reports and witness statements and other documents. The Court can presume that Sgt. Mullins had the requisite skill and experience to issue the Report, and Defendant has not argued otherwise. It does not appear that a prior hearing was held (which does not bolster the trustworthiness of the Report), and there is no evidence that the Report was plagued by motivation problems or bias, or other reason to suspect bias in Sgt. Mullins' investigation or factual findings. On balance, therefore, these factors weigh in favor of trustworthiness and, therefore, admissibility. *See Combs*, 315 F.3d at 555-56 (holding that a Use of Force Committee Report, based on staff and inmate interviews and numerous documents, was admissible under Rule 803(8), and noting that, if the Rule required the investigator to have personal knowledge of the matter then "an investigative report would never be admissible as such reports typically are not prepared by persons directly involved in the matter under investigation"); *Dortch v. Fowler*, 588 F.3d

26

396, 404 (6th Cir. 2009) (admitting police officer's accident report not an abuse of discretion when the report was primarily based on the officer's team's personal observations). Sgt. Mullins is listed as a witness by Plaintiff and Defendant should be able to raise any issues with the Report via cross-examination at trial. *See Dortch*, 588 F.3d at 404 (explaining that plaintiff could raise any issues with the report via cross-examination).

However, the summary or recitation of the witness statements of Defendant Neverson, Mr. Potter, and Mr. Orlando contained in Sgt. Mullins' Report at PageID.1158-60 should be excluded and/or redacted from the Report before it is admitted at trial. The Rule 803(8) exception generally does not apply to summaries or reproductions of statements made by these other persons, which continue to be inadmissible hearsay. *See Tranter v. Orick,* No. 10-3945, 2012 WL 386363, at *1 (6th Cir. Feb. 7, 2012) (witness statements contained in police reports are inadmissible hearsay), *aff'd*, 460 F. App'x 513 (6th Cir. 2012); *Miller,* 35 F.3d at 1091-92 (holding that statements of the victim, the alleged assailants, and various witnesses "contained hearsay information, not facts observed by the preparer of the report"); *Kubik v. Brown*, 979 F. Supp. 539, 544 (W.D. Mich. 1997) ("Statements of a victim, alleged perpetrator, witnesses and even the prosecutor [regarding reasons for not pursuing criminal charges against certain individuals] contained within a

police report constitute inadmissible hearsay") (citing *Miller, supra* at 1091-92); *see also Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991) (holding that a statement of a third party "is plainly not admissible merely because it is contained in a police report"). As the Sixth Circuit Court of Appeals previously explained:

> While a court may presume that a *preparer of a report,* under a duty to relate information, will perform the task required and formulate justified conclusions and reasonable opinions based on evidence *actually observed by the preparer,* no such presumption arises when the preparer relies on potentially untrustworthy hearsay evidence from another individual under no duty to provide unbiased information.

*Miller*, 35 F.3d at 1091-92 (emphases in original); *Nowell v. City of Cincinnati*, No. 1:03cv859, 2006 WL 2619846, at \*5 (S.D. Ohio Sept. 12, 2006) (excluding portions of Report summarizing four eyewitness statements because "[t]he statements of these eyewitnesses are not 'matters observed pursuant to duty imposed by law' as the witnesses themselves had no legal duty to observe the incident involving Nowell nor to make a statement to the police regarding their observations"). However, assuming Defendant testifies at trial, his statement to Sgt. Mullins at PageID.1159 could be admissible pursuant to Fed. R. Evid. 801(d)(1) or (2). *See Jones*, 652 F. App'x at 356 (stating that "the statements incorporated from interviews with the defendants themselves and other employees or agents of the Sheriff's Office would not be hearsay under Fed. R. Evid. 801(d)(2)(A) and (D)").

28

Further, as for the individual "Use of Force or Detainee Injury Reports" prepared by individual officers, attached to Sgt. Mullins' report (at PageID.1163-77), certain portions of those reports may be subject to being excluded as double hearsay, to the extent the individual officers' reports are not based on the officer's observations or not related to a matter officers have a legal duty to report (such as to the extent they contain civilian third party statements), and the statements at issue are being offered for the truth of the matter asserted in the statement. *See Peppers v. Washington Cnty., Tenn.*, No. 2:13-cv-180, 2016 WL 9138154, at *4 (E.D. Tenn. Feb. 24, 2016) (explaining that police reports are admissible under the public records exception to the hearsay rules to the extent the report is based on the officer's own observations or actions, and that third-party statements contained in those reports are inadmissible hearsay) (citations omitted).

Accordingly, the Court finds that the individual "Use of Force or Detainee Injury Reports" by individual officers attached to Sgt. Mullins' report (at PageID.1163-77) are generally admissible, except to the extent Defendant shows that a report contains inadmissible hearsay as described above.

Finally, Defendant's argument that this Force Investigation Report is not relevant given the parties' proposed stipulations of fact is rejected. Those proposed

stipulated facts do not speak to Plaintiff's claims of assault and battery by Defendant and Defendant's alleged actions towards Plaintiff.

### 3.    Investigator's Report (ECF No. 51-1, PageID.1178-79)

The Investigator's Report is a summary of the investigation into the incident to date, and seems to be part of the "Detroit Police Request for Warrant." (ECF No. 51-1, PageID.1178-79.) The Report is dated December 29, 2016, one day after the incident at issue in this case, and it was authored by Detective Mark Reizin and reviewed and approved by Sgt. Rodney Jackson (now Lieutenant), both with the Detroit Police Department Gang Intelligence Team. (*Id.*) Both Detective Reizin and Lt. Jackson are listed as "will call" witnesses by Plaintiff in the parties' proposed Joint Final Pretrial Order.

Defendant argues that the Investigator's Report should be excluded in its entirety because it "exclusively contain[s] the observations and/or findings of other officers or civilian witnesses." (ECF No. 51, PageID.1141.)

Plaintiff does not specifically address this Report in his Response brief. (See ECF No. 52, PageID.1302-10 (addressing the six other "reports"/categories of documents in the Prosecutor's File).)

Nevertheless, based on the law cited above, the Court finds that this two-page Investigator's Report is admissible under Rule 803(8), and that Defendant has not

met his burden to show that the Report is untrustworthy. It appears from the Report that Detective Reizen is largely reporting his findings based on what he observed and who he interviewed. The Court further finds, however, that the Report's short summaries of the interviews with witnesses Andrew Potter and Joseph Orlando conducted by Detective Reizen are excluded as inadmissible hearsay and must be redacted, even though much of those summaries are consistent with the parties' proposed stipulations of fact that Defendant threw a microphone stand that struck Andrew Potter.

### 4.    DPD Arrest Reports (ECF No. 51-1, PageID.1180-1229)

This portion of the Prosecutor's File contains arrest reports drafted by various DPD officers, as well as written statements from Defendant and two civilian witnesses (Mr. Potter and Mr. Orlando). (ECF No. 51-1, PageID.1180-1229.) The Court will address the witness statements contained within the Arrest Reports (PageID.1202-08) separately below.

Defendant argues that the arrest reports should be excluded in their entirety *unless* the reporting officer testifies *and* his or her report is redacted to only include reference to the facts or observations that the reporting officer personally made. (ECF No. 51, PageID.1141-44.)

31

Plaintiff argues generally that these arrest reports are admissible under Fed. R. Evid. 803(8)(A)(i) or (ii). (ECF No. 52, PageID.1307.)

The Court finds that the Arrest Reports are generally admissible under Fed. R. Evid. 803(8) to the extent the reports are based on observations and knowledge of the officer who prepared the report and concern matters observed while under a legal duty to report (even by other officers). Statements within those arrest reports attributed to third party civilian witnesses should be excluded, to the extent those statements are offered for the truth of the matters asserted, unless they qualify for their own exclusion or exception from the hearsay rule. However, in many if not most of the "examples of inadmissible hearsay" listed by Defendant on PageID.1142-44 of its Motion, the information sought to be excluded or redacted is admitted by the parties' proposed stipulations of fact that "Defendant Neverson threw a microphone stand that struck Andrew Potter" and that "Detroit Police had probable cause to arrest Mr. Neverson."

### 5. DPD Activity Logs (ECF No. 51-1, PageID.1230-45)

The DPD Activity Logs detail various officers' individual activities on the night of Plaintiff's alleged assault by Defendant. (ECF No. 51-1, PageID.1230-45.)

Defendant argues that the Activity Logs should be excluded in their entirety because they contain information that has nothing to do with this matter, including

involving shots fired at an unrelated location (PageID.1230-31) and a homicide investigation (PageID.1234). Defendants contend that the reports also contain observations made by other officers or conclusions drawn from those other officers' observations. (ECF No. 51, PageID.1144-45.) Defendant further contends that the logs refer to Plaintiff's injuries, which Defendant asserts is inadmissible. (*Id.* citing PageID.1231, 1244-45.)

Plaintiff does not specifically address these Activity Logs other than to generally assert that they, along with other types of reports, are admissible under Fed. R. Evid. 803(8)(A).

These "Activity Logs" may be considered a public record under Rule 803(8), because they "set[] out" "the office's activities" and/or "a matter observed while under a legal duty to report." The Court notes that all of the officers providing activity logs are listed as witnesses by Plaintiff. However, to the extent the Activity Logs contain irrelevant information, such as "shots fired" at another location or a homicide investigation, those parts of the logs should be excluded and must be redacted.

### 6.   Plaintiff's Medical Records from DMC Detroit Receiving Hospital (ECF No. 51-1, PageID.1246-86)

The next category of documents in the Prosecutor's File are Plaintiff's medical records from DMC Detroit Receiving Hospital on the night of the incident at issue in this case, December 29, 2016. (ECF No. 51-1, PageID.1246-86.)

Defendant argues that these records are "plainly irrelevant to any issue pertaining to liability," and thus should be excluded from the liability portion of the trial. (ECF No. 51, PageID.1145.)

Plaintiff argues in his Response brief that, even in light of the bifurcated trial, Plaintiff must still establish that he suffered an injury, and that Defendant caused the injury, to impose liability on Defendant. (ECF No. 52, PageID.1308-09.) Plaintiff points out that the only medical records he seeks to admit during the liability phase are limited to the night of the alleged assault and are necessary to establish a critical element of liability. (*Id.*) In support, Plaintiff cites to the elements to support a general negligence claim – duty, breach, causation, and damages – and not to the elements of the only remaining claim asserted in this case – assault and battery under Michigan law.

Defendant argues in his Reply brief that whether Plaintiff suffered any injury "is not relevant to what act Mr. Neverson allegedly committed to cause that injury

34

in the first place," and that the medical information is therefore irrelevant as to liability. (ECF No. 53, PageID.1314.)

The only remaining claim in this case is a claim for assault and battery under Michigan law. An assault is "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact," and a battery is "the willful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Smith v. Stolberg,* 231 Mich. App. 256, 260 (1998) (quoting *Espinoza v. Thomas,* 189 Mich. App. 110, 119 (1991)). It is true that "proof of an injury is not an element of an assault or battery claim." *Larkins v. Pylack*, No. 08-11075, 2009 WL 648353, at *3 (E.D. Mich. Mar. 10, 2009) (Borman, J.). However, as explained *supra*, evidence is relevant if it has "*any* tendency to make the existence of any fact that is of consequence to the action more probable or less probable than it would be without the evidence," *Whittington*, 455 F.3d at 738 (quoting Fed. R. Evid. 401), and the Court finds that Plaintiff's medical records on the night of the alleged assault do have "*any* tendency" to make Plaintiff's assault and battery claim "more probable or less probable than it would be without the

evidence." *See Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (holding a district court has broad discretion to determine matters of relevance).

Accordingly, Plaintiff's medical records at PageID.1246-86 are relevant to the liability phase of the trial and should not be excluded during that phase of the trial.

### 7.    Written Witness Statements (ECF No. 51-1, PageID.1287-95)

Finally, Plaintiff seeks to admit, as part of the Prosecutor's File, written witness statements from civilian witnesses (which were also included with the DPD Arrest Reports discussed above at PageID.1202-08). (ECF No. 51-1, pageID.1287-95.) These documents include a report of Defendant's refusal to make a statement, and statements by Andrew Potter and Joseph Orlando. (*Id.*)

Defendant argues that these documents should be excluded because documents relating to Defendant "provide no substantive information" and because Mr. Potter's and Mr. Orlando's statements "are irrelevant given the proposed factual stipulations of the parties." (ECF No. 51, PageID.1146.)

Plaintiff asserts in his Response brief that the witness statements remain relevant to Plaintiff's assault and battery claims, even considering the proposed stipulated facts, because the statements regarding the earlier assault against Mr. Potter "are relevant to Defendant's state of mind when confronted by Detroit Police"

and his demeanor and attitude at the time of the alleged assault on Plaintiff. (ECF No. 52, PageID.1309-10.)

First, assuming Defendant testifies at trial, his statement (or more aptly, his refusal to make a statement) is admissible pursuant to Fed. R. Evid. 801(d)(1) or (2). *See Jones*, 652 F. App'x at 356 (stating that "the statements incorporated from interviews with the defendants themselves and other employees or agents of the Sheriff's Office would not be hearsay under Fed. R. Evid. 801(d)(2)(A) and (D)").

However, as explained *supra*, the Rule 803(8) exception generally does not apply to summaries or reproductions of witness statements in police reports, such as the written statements of Mr. Potter and Mr. Orlando, which continue to be inadmissible hearsay. *See Tranter,* 2012 WL 386363, at *1 (witness statements contained in police reports are inadmissible hearsay); *Miller,* 35 F.3d at 1091-92 (holding that statements of the victim, the alleged assailants and various witnesses "contained hearsay information, not facts observed by the preparer of the report"); *Nowell*, 2006 WL 2619846, at *5 (explaining that "[t]he statements of these eyewitnesses are not 'matters observed pursuant to duty imposed by law' as the witnesses themselves had no legal duty to observe the incident involving Nowell nor to make a statement to the police regarding their observations"). Thus, Mr. Potter's and Mr. Orlando's witness statements are excluded as inadmissible hearsay.

37

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's unopposed motion in limine to exclude certain witnesses (ECF No. 50), and excludes the following expert witnesses from at trial:

(1) Dr. Karl Freydl, D.O.

(2) Dr. Ryan C. Pollina, M.D.

(3) Dr. Eric Kovan, D.O.

(4) Dr. Michael Longyear, DC, CCSP, DACNB; and

(5) Dr. Kelkar, D.O.

The Court further GRANTS IN PART and DENIES IN PART Defendant's motion in limine to preclude introduction of the Prosecutor's File at trial (ECF No. 51), as follows:

(1) The Felony Information (ECF No. 51-1, PageID.1151) is admissible at trial;

(2) The Inter-Office Memorandum Force Investigation (ECF No. 51-1, PageID.1152-62) is admissible at trial, but the summaries of witness statements at PageID.1158-60 must be excluded/redacted, and the individual "Use of Force or Detainee Injury Reports" (at PageID.1163-77) are generally admissible, except to the extent Defendant shows an individual report contains inadmissible hearsay statement(s), which should be redacted;

38

(3) The Investigator's Report (ECF No. 51-1, PageID.1178-79) is admissible at trial, except that the summaries of witness interviews on PageID.1179 are inadmissible and must be redacted;

(4) The DPD Arrest Reports (ECF No. 51-1, PageID.1180-1201, 1209-1229) are generally admissible, except to the extent Defendant shows that a statement(s) within an individual report constitutes inadmissible hearsay, which should be redacted;

(5) The DPD Activity Logs (ECF No. 51-1, PageID.1230-45) are generally admissible, except to the extent the Logs contain irrelevant information, such as "shots fired" or a homicide investigation, which information should be redacted;

(6) Plaintiff's Medical Records (ECF No. 51-1, PageID.1246-86) are admissible; and

(7) Written Witness Statements (ECF No. 51-1, PageID.1202-08, 1287-95) are generally inadmissible, except that Defendant's statements are admissible under Fed. R. Evid. 801(d)(1) or (2) if he testifies at trial.

IT IS SO ORDERED.

s/Paul D. Borman

Dated: February 28, 2023          Paul D. Borman
                                  United States District Judge