UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT AVERY,

        Plaintiff,                              Case No. 18-11752

v.                                            Honorable Nancy G. Edmunds

TREMAINE NEVERSON,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [59]**

Plaintiff Robert Avery brings a claim of assault and battery against Defendant Tremaine Neverson in this diversity suit. On February 28, 2023, the Court issued an order which in part granted Defendant's motion in limine to exclude certain expert witnesses at trial (ECF No. 50). (ECF No. 56.) The matter is now before the Court on Plaintiff's motion for reconsideration of that ruling.[1] (ECF No. 59.) For the reasons below, the Court GRANTS Plaintiff's motion.[2]

**I.    Background**

This case arises out of a series of events that took place on December 28, 2016, during which Plaintiff, a sergeant with the Detroit Police Department, was allegedly assaulted by Defendant as police were attempting to arrest Defendant for the assault of

---

[1] Since the filing of Plaintiff's motion, this case was reassigned from the Honorable Paul D. Borman to the Honorable Nancy G. Edmunds. (ECF No. 60.)

Under Eastern District of Michigan Local Rule 7.1(h)(3), no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise.

[2] The Court's previous order addressed a second motion in limine filed by Defendant (ECF No. 51), but that ruling is not at issue in this motion and remains undisturbed.

another person, former plaintiff Andrew Potter. According to Plaintiff, he sustained head and cervical injuries, required a right hip replacement, and eventually retired from the Detroit Police Department due to the incident.

A stipulated order extending the dates in this case required Plaintiff to file his Rule 26(a)(2) expert disclosures by August 7, 2019. (ECF No. 15.) Plaintiff's expert disclosures were filed on that date, listing several treating physicians as expert witnesses. (ECF No. 59-3, PageID.1522-31.) Plaintiff continued to seek treatment for his injuries, which led to a cervical spine fusion surgery that took place in June 2022. On September 25, 2022, Plaintiff served Defendant with his "Supplemental Fed. R. Civ. P. 26(a)(2)(C) Disclosures as to Experts," listing the physicians that treated Plaintiff from 2021 through his spine fusion surgery. On September 30, 2022, Defendant filed a motion in limine to exclude these expert witnesses from testifying at trial. (ECF No. 50.)

## II.     Analysis

The Court granted the motion to exclude the expert witnesses after finding the supplemental disclosures untimely and noting that Plaintiff did not file a response to Defendant's motion presenting any argument regarding the Rule 26(a) violation being justified or harmless. Plaintiff now establishes through an affidavit that a response had been drafted but was not filed due to an error that was not discovered until after the Court issued its order. (ECF No. 59-2.) Plaintiff had argued in that response, and now repeats the same arguments in his motion for reconsideration, that the disclosures were not untimely and even if they were, the timing was substantially justified and harmless. While courts generally do not grant motions for reconsideration absent a mistake, an intervening change in controlling law, or new facts, *see* E.D. Mich. Local Rule 7.1(h)(2), courts have

"broad discretion" when deciding whether to reconsider non-final orders, *see Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004). In the interest of justice, the Court will address the motion on the merits.

As an initial matter, the Court notes that unlike the case relied upon by Defendant, *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 878 (S.D. Ohio 2018), Plaintiff's initial expert disclosures were timely, and it is the timeliness of the supplemental disclosures that is at issue. While Defendant argued that these disclosures were untimely because Plaintiff had been receiving treatment from most of the named physicians for over a year prior to their disclosure, Plaintiff notes that the treatment led to a surgery, which did not take place until June 2022. The supplemental disclosures were made a few months later—in September 2022. And even if the disclosures were deemed untimely, Plaintiff has now addressed the issue of whether the timing should lead to sanction. Under Rule 37(c)(1), a party who violates Rule 26(a) or (e) is subject to sanction unless the failure to disclose or supplement "was substantially justified or is harmless." In making this determination, courts consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015) (internal quotation marks and citation omitted).

The Court finds that the relevant factors weigh in favor of finding any delay substantially justified or harmless. For instance, a trial date has not yet been scheduled and this matter was recently referred to Magistrate Judge David R. Grand to conduct a

3

settlement conference, so allowing the evidence would not disrupt the trial. Also, the evidence is important to establish the amount of damages Plaintiff may be entitled to. Defendant had agreed to stipulate to the fact that "Plaintiff's medical treatment has been reasonable and related to the incident for all medical records received before June 3, 2022" (ECF No. 59-4, PageID.1576), and Plaintiff states that the medical treatment received by the disclosed physicians is a continuation of that treatment. Because the delay does not appear to be a result of "underhanded gamesmanship," *see Howe*, 801 F.3d at 749, the Court grants Plaintiff's motion for reconsideration (ECF No. 59) and denies Defendant's motion to exclude the expert witnesses listed in Plaintiff's supplemental disclosures (ECF No. 50).

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED. The five expert witnesses identified in Plaintiff's supplemental expert disclosures may testify at trial.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 13, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager